(49 South. 167.)

No. 17,520.

STATE v. LEWIS.

In re ADAMS, Dist. Atty.

(March 29, 1909. Rehearing Denied April 26, 1909.)

INTOXICATING LIQUORS (§ 45*)—PERMITS—RETROACTIVE LEGISLATION.

Whether the language of section 8 of act No. 176, p. 240, of 1908, be taken literally or construed with reference to circumstances and to canons of construction throwing light upon the intent, the conclusion reached is that the requirement with reference to the obtention of "permits" for the opening or the conducting of barrooms, has no application to persons by whom permits had been obtained under the pre-existing law, and who had established themselves at places authorized thereby, before the passage of the act in question.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 47; Dec. Dig. § 45.*]

Land, J., dissenting.

(Syllabus by the Court.)

Ernest S. Lewis was charged with conducting a barroom without having obtained a permit and within 300 feet of a church and school. Defendant demurred, and, the demurrer having been sustained, St. Clair Adams, District Attorney, applies for writs of certiorari, prohibition, and mandamus. Prosecution dismissed.

Walter Guion, Atty. Gen., St. Clair Adams, Dist. Atty., and Warren Doyle, Asst. Dist. Atty. (Ruffin Golson Pleasant, of counsel), for relator. Edwin Thomas Merrick and Chandler Clement Luzenberg, for respondent Lewis. Respondent Judge, pro se.

Statement of the Case.

MONROE, J. The bill of information charges that the defendant, then president of the Boston Club, did on January 1, 1909, within the jurisdiction of the criminal court for the parish of Orleans, conduct a barroom "without first having obtained from the city council of the city of New Orleans a permit and privilege to conduct the same, contrary to the form of the statute," etc., and that at the same time and place he conducted a barroom within 300 feet of the church of the Immaculate Conception, and the school of the Immaculate Conception, where children are taught. In a bill of particulars, called for by defendant, it is explained that it is intended to charge:

(1) That the Boston Club is duly incorporated, that defendant committed the acts alleged in his capacity as president of that club, and that in such capacity he conducted a barroom, within the meaning of Act No. 176, p. 236, of 1908.

(2) That it is not intended to charge that defendant had not previously obtained any permit from the city council, but that he had not obtained the permit required by act No. 176 of 1908, and that whatever permit he had obtained under previously existing statutes became null and void on December 31, 1908.

(3) That it is intended to charge that defendant conducted a barroom within 300 feet of a church, measuring the distance from the nearest point of the building in which the barroom was conducted to the nearest point of the building occupied as such church.

A further bill of particulars was asked for; but the application was denied, and

defendant reserved a bill of exception to the ruling, and thereupon filed a plea in abatement and motion to quash, verified by his affidavit, in which he alleges that the Boston Club, for more than a year prior to January 1, 1909, occupied the same premises; that it is a bona fide social club, composed of members who have no proprietary interest in its assets; that it is open only to members and guests; that the guests must be nonresidents, and receive cards limiting their privileges to a period not exceeding 20 days, and the members can each issue but three cards for the same period; that the club provides rooms for reading and recreation, and has a bar from which wines and liquors are served to the recreation and dining rooms for the accommodation of its members and the invited nonresident guests, and that no profit is contemplated or derived therefrom; that the expenses of the club are defrayed by dues and by money received for food and drink; that the club was incorporated in 1892, and that the purposes for which it was established are the cultivation of literature and science, the regulation of social intercourse, the promotion of enjoyment, harmony, refinement of manners, and intellectual improvement among the members.

"Wherefore the defendant is not engaged in the business of conducting a barroom, café, and drinking saloon. And this he is ready to verify," etc.

The plea in abatement was followed by a demurrer, in which defendant set up:

(1) That the information charges no offense known to the law.

(2) That it illegally construes section 8 of Act No. 176 of 1908 as applying to bona fide social clubs that are not engaged in keeping barrooms.

(3) That it illegally construes said section to be retrospective in its operation.

(4) That Act No. 176 of 1908 is unconstitutional, in so far as it undertakes to abridge the privileges and immunities of citizens and deprive defendant of his liberty and property without due process of law.

And another demurrer in which it is said:

That it is not charged that Ernest S. Lewis conducted a barroom without a permit, but that defendant, in his capacity as president of the Boston Club, conducted a barroom without such permit.

That it is not charged that defendant conducted a barroom without any permit whatever, but that he conducted a barroom on January 1, 1909, without having obtained the permit required by Act No. 176 of 1908.

That defendant is charged with having conducted a barroom within 300 feet of a church, but that neither Act No. 176 of 1908, nor any law of the state, makes it a crime to conduct a barroom within 300 feet of a church or school; the act referred to merely prohibiting the city council from granting any permit for the opening of any barroom at such place.

That it has been made to appear that the Boston Club is a bona fide social club, where liquors and refreshments are sold only to members and especially invited nonresident guests, and that defendant, as its president, was not required to obtain a permit.

That it is not charged that defendant conducted a barroom within 300 feet of a church or school, measuring the distance along the street front, but measuring from the nearest points between the respective buildings.

The judge a quo sustained the demurrer, on the ground that the interpretation placed by the state on the act of 1908 gives it a retrospective application and effect, which are not authorized, thereby interfering with rights previously acquired, to which it was not intended to apply; and, the case being unappealable, the district attorney has brought it to the attention of this court by

means of a writ of certiorari, and is here joined by the Attorney General.

## Opinion.

Though the defendant in this case sets up other defenses or grounds of demurrer, in addition to those set up by the defendant in the case of State v. Theodore Grunewald (this day decided) 49 South. 162,[1] both prosecutions were dismissed in the district court on the same grounds, and, as our reasons for affirming the ruling so made have been given at length in the case last mentioned, it is unnecessary that they should be repeated here, or that the other matters set up by the defendant in this proceeding should be considered.

It is therefore ordered, adjudged, and decreed that, for the reasons assigned in the opinion this day handed down in the case of State v. Theodore Grunewald, the preliminary order herein made be now recalled and rescinded, and this proceeding dismissed.

LAND, J., dissents.